# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

  **v.**              **Case No. 06-CR-336**

**FRANCISCO AGUILERA**
   **Defendant.**

## SENTENCING MEMORANDUM

Defendant Francisco Aguilera pleaded guilty to conspiracy to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(B) & 846, and I set the case for sentencing. In imposing sentence, I first calculate and consider the sentence recommended by the advisory sentencing guidelines. Then, to ascertain the actual sentence, I apply the factors set forth in 18 U.S.C. § 3553(a) to the facts and circumstances of the defendant's particular case. E.g., United States v. Bush, 523 F.3d 727, 729 (7th Cir. 2008).

## I. GUIDELINES

Defendant's pre-sentence report ("PSR") set a base offense level of 26, U.S.S.G. § 2D1.1(c)(7), then subtracted 3 levels for acceptance of responsibility, § 3E1.1, for a final level of 23. It then assessed a criminal history category of IV, producing an imprisonment range of 70 to 87 months. I found these calculations correct and adopted them without objection.

## II. SENTENCE

**A. Section 3553(a) Factors**

Section 3553(a) directs the court to consider:

(1) the nature and circumstances of the offense and the history and

characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). After considering these factors, the court must impose a sentence that is "sufficient but not greater than necessary" to satisfy the purposes of sentencing set forth in § 3553(a)(2). The district court must give respectful consideration to the guidelines in determining a sufficient sentence, Gall v. United States, 128 S. Ct. 586, 594 (2007), but it may not presume that the guideline sentence is the correct one, Rita v. United States, 127 S. Ct. 2456, 2465 (2007).

**B. Analysis**

**1. The Offense**

In August 2005, the government began investigating a cocaine distribution organization in the Waukesha, Wisconsin area, which led to the issuance of several wiretaps. Through

2

these interceptions, the government learned that defendant received cocaine from Javier Aguilera, his cousin and one of the main participants in the conspiracy. The government intercepted about twenty drug-related calls between the two, which revealed that defendant obtained ½ to 2 ounce quantities of cocaine from Javier. The government further learned that Javier directed his smaller customers to this defendant to obtain cocaine. The parties agreed that defendant should be held responsible for a total of 500 grams to 2 kilograms of cocaine.

**2.    The Defendant**

Defendant was twenty-five years old, with a modest prior record: juvenile adjudications for drug possession, drug delivery and robbery; and adult convictions for possession of THC and possession of an illegally obtained prescription. His state probation on the final matter was revoked based on the instant indictment.

Defendant admitted a long history of substance abuse, going back to age eleven. He stated that his cocaine use increased during his involvement in this conspiracy due to easy access. He attempted counseling in the past, without success, and admitted to the PSR writer that he needed help. He also needed to enhance his educational and vocational skills; although he earned an HSED while confined at the Ethan Allen juvenile facility, his employment record was spotty, and he lost several jobs due to poor attendance.

There were some positives in defendant's background. He had been in a long-term relationship and shared a nine year old child with his girlfriend. He appeared to be involved in his child's life, and his mother-in-law spoke favorably about him at sentencing. She stated that he had helped remodel her home while on bond in this case, without charge. I was also impressed by defendant's allocution at sentencing. He stated that he had plans for the future and intended to study culinary arts. He also apologized for his conduct and the effect it had

3

on the community and his family. He was also cooperative with the government from the outset of this case.

### 3. Guidelines and Purposes of Sentencing

The guidelines called for a term of 70-87 months, and the statute required at least 60 months. Under all of the circumstances, I found a sentence of 60 months sufficient. The offense was not aggravated by violence or weapon possession, and it appeared that defendant's involvement was based on his own drug addiction and the ease of access occasioned by the involvement of his family members in dealing. It also appeared that he was not a significant dealer in his right; rather, he serviced those customers Javier directed to him. Therefore, five years was sufficient to provide just punishment. See 18 U.S.C. § 3553(a)(2)(A).

Defendant had never been to prison before, so I found the minimum term sufficient to deter him from re-offending. See 18 U.S.C. § 3553(a)(2)(B); see also United States v. Qualls, 373 F. Supp. 2d 873, 877 (E.D. Wis. 2005) ("Generally, a lesser period of imprisonment is required to deter a defendant not previously subject to lengthy incarceration than is necessary to deter a defendant who has already served serious time yet continues to re-offend."). I also concluded that 60 months was sufficient to protect the public. See 18 U.S.C. § 3553(a)(2)(C). Although defendant had some prior record, I concluded that criminal history category IV somewhat overstated the severity of that record. See U.S.S.G. § 4A1.3(b). Defendant had no prior adult felony convictions, unlike most offenders in category IV, and most of his convictions appeared to be related, in one way or another, to substance abuse. In category III, a sentence of 60 months is slightly above the low end of the range. I also considered the fact that defendant's state probation was revoked based on this indictment, which resulted in him serving 90 days in jail. That revocation sentence, in turn, increased the scoring related to this

4

prior offense from 1 criminal history point to 2, in addition to the 2 points defendant received under U.S.S.G. § 4A1.1(d) (which moved him from category III to IV). That state matter, which involved the possession of just one Valium pill, did not appear serious enough to warrant a significant increase in the sentence in this case, on top of the revocation sentence he had already served.

### III.  CONCLUSION

Therefore, I committed defendant to the custody of the Bureau of Prisons for 60 months, with a recommendation that he participate in any substance abuse treatment programs available, including the 500 hour program. Upon release, I ordered him to serve four years of supervised release, with a drug aftercare and other conditions that appear in the judgment.

Dated at Milwaukee, Wisconsin, this 10th day of October, 2008.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge